In the Matter of EUGENE A. FALK (Admitted as EUGENE ALAN FALK), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, September 30, 1975

*John G. Bonomi* of counsel *(Irving Gertel* with him on the brief), for petitioner.

*Irwin Levine* for respondent.

*Per Curiam.* The respondent was admitted to practice in the Second Department on October 15, 1958.

Five charges were brought against him:

1. That he neglected to prosecute a negligence action to its conclusion and informed his client that he had settled same and had the client sign a release. The matter was subsequently settled by another attorney to the client's satisfaction.

2. That he did not submit a written report and did not keep his appointments with petitioner in regard to this inquiry.

3. That he neglected a personal injury action that he had succeeded to on the death of his uncle, an attorney, and subsequently told the client that he had settled same, eventually paying the client $7,000 out of his own funds.

4. That he failed to respond to petitioner's subpoena. This charge was withdrawn by petitioner.

5. That he used for himself escrow funds in the amount of $2,500. No damage occurred through the alleged wrongful use of this money, and the Referee found that this charge was not sustained. The petitioner moves to disaffirm this portion of the Referee's report, and that this charge also be sustained contending that the Referee's conclusion that the testimony was of too conflicting a nature to allow a finding that the charge be sustained, was in error. The respondent moves to confirm the whole report.

The report of the Referee is supported by the evidence and is confirmed.

The occurrences took place during a period of unusual mental strain in respondent's life because of family problems. He attempted to make good his neglect by paying substantial funds out of his pocket to one client and waiving any fees due him in the other. However, that no pecuniary loss was suffered by a client is not dispositive of the issue as to whether discipline should be imposed. (Matter of Esquirol, 267 App Div 780.)

Giving due weight to the suggestion of the Referee that the respondent receive leniency, we have determined to limit the sanction to be imposed upon him to suspension from the practice of law for a period of six months.

MARKEWICH, J. P., KUPFERMAN, TILZER, CAPOZZOLI and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effective October 30, 1975.